Opinion issued January 9, 2003
 



 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01144-CR




REGINALD ROY STEWART, SR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 877670




M E M O R A N D U M O P I N I O N

          A jury found appellant, Reginald Roy Stewart, Sr., guilty of delivery of cocaine
weighing less than one gram, found an allegation of two prior felony convictions to
be true, and assessed punishment at two years’ confinement. We address whether the
evidence was factually insufficient to sustain the jury’s verdict. We affirm. Facts
A. State’s Evidence
          On May 18, 2001, Houston Police Officer Donald DeBlanc was working
undercover in the Montrose area, where a number of complaints had been received
regarding drug trafficking. A member of the police department’s narcotics division,
Officer DeBlanc was in the area to purchase narcotics and identify and arrest drug
dealers frequenting the area. As Officer DeBlanc drove around in the area in an
unmarked car and in plain clothes, he was flagged down by Patrick Field. Officer
DeBlanc stopped and told Field that he was looking for “powder,” which is street
slang for cocaine. After Field told DeBlanc to wait, DeBlanc observed Field talking
with appellant. Appellant then approached DeBlanc’s vehicle and sold him two rocks
of crack cocaine for $20. 
          According to Officer DeBlanc, after the transaction was complete, he drove
away, radioed a description of appellant and Field to uniformed patrol units who were
assisting him, and then turned his car around and parked down the street to observe. 
Officer Paul Lassalle immediately responded and arrested appellant and Field based
on the description provided by DeBlanc. After observing the arrest, DeBlanc
confirmed with Lassalle that he had arrested the correct individuals. Lassalle testified
that, upon searching appellant, he located two $20 bills in his pocket. One of the bills
was the marked $20 bill matching the serial number of the bill given by DeBlanc to
appellant during the drug transaction.
B. Appellant’s Evidence
          Appellant presented his case through his own testimony. Appellant claimed
that he did not know Field prior to May 18, 2001 and had only met him and begun
talking with him while walking home. Appellant claimed that DeBlanc asked them
if they knew where he could get some powder, to which appellant responded, “[w]ell,
no, I don’t know where you could get any powder.” Appellant then stated that after
DeBlanc drove away, he and Field sat on the steps at a nearby apartment and talked. 
Appellant claimed that, after about 30 minutes, Officer Lassalle swooped in and
arrested both Field and him. Field asserted that he only had 22 cents in his pocket,
that he was carrying a backpack, but that he did not have a bicycle. Appellant denied
selling cocaine to DeBlanc.  
Sufficiency of the Evidence
          In his sole point of error, appellant argues that the evidence was factually
insufficient to support a finding of guilt. Appellant argues that inconsistent testimony 
regarding the following items demonstrates factual insufficiency: the color of
appellant’s shirt when arrested, the amount of money he was carrying, and whether
he had a bicycle when he was arrested. Additionally, he contends that the evidence
was contradictory because DeBlanc testified that appellant sold him two rocks of
cocaine; however, only one rock and some crumbs were presented at trial.
          Under the factual sufficiency standard, we ask “whether a neutral review of all
of the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse
the fact finder’s determination only if a manifest injustice has occurred. Id. In
conducting this analysis, we may disagree with the jury’s determination, even if
probative evidence supports the verdict, but we must avoid substituting our judgment
for that of the fact finder. Id. The jury are exclusive judges of the facts, the
credibility of the witnesses, and the weight to be given their testimony and may
believe or disbelieve all or any part of a witness’s testimony. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981) (“A jury is entitled to accept one version of
the facts and reject another or reject any of a witness’ testimony.”). 
          A review of the evidence offered against appellant at trial does not convince
us that “proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination,” as dictated by King. Although appellant’s testimony at trial did not
agree with that of Officer DeBlanc’s, the jury obviously chose to accept the officer’s
version of the facts. We defer to the jury’s determination because the jury was in the
best position to judge the weight and credibility of the testimony and to judge the
facts. Id. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                              
                                                             Frank G. Evans 
                                                             Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.



Do not publish. Tex. R. App. P. 47.2(b).